IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FIRST CAPITAL GROUP, INC.,
a division of FIRST STATE BANK,
a New Mexico Banking Corporation,

        Plaintiff,

v.                                            Civil No. 02-744 WJ/RLP

COLUMBUS CITY WIDE HEATING
& COOLING, INC., an Ohio Corporation,
and JACQUELINE M. FULLER,
Individually,

        Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Plaintiff's Motion for Default Judgment, filed September 25, 2002 **(Doc. 6)**. The Complaint sues for debt and money due on a "Master Equipment Lease Agreement" in the amount of $202,569.17. Compl., ¶¶ 12, 14. On August 9, 2002, Ms. Fuller sent Plaintiff a letter which acknowledged receipt of the summons and informed Plaintiff that City Wide Heating and Cooling was in the process of seeking financing to pay off the loan. The letter was also separately addressed to the Court and self-styled as an Answer to the Complaint (Doc. 3). Since an Answer has been filed, Plaintiff's motion for default judgment will be denied.[1]

---

[1] In this case, Ms. Fuller's August 9th letter was filed and docketed as an Answer. Although unorthodox in form, it satisfies the requirements of Fed.R.Civ.P. 55(b)(2). I note that courts have been flexible in the types of submissions that qualify as "appearances" in an action such that default judgment would not be entered. See, eg., Sun Bank of Ocala v. Pelican Homestead and Savings Assoc, et al., 874 F.2d 274, 276 (5th Cir. 1989)(noting that courts have

In correspondence to the Court dated September 16, 2002, Plaintiff notified the Court[2] that First Capital again contacted Defendants by letter in early September, but that Defendants have not responded and that Plaintiff wishes to have the case proceed -- which it is.  I note that a Rule 16 scheduling conference is presently set for October 30, 2002.  See Doc. 5.

**THEREFORE**,

**IT IS ORDERED** that Plaintiff's Motion for Default Judgment, filed September 25, 2002 (**Doc. 6**) is hereby DENIED.

_____
UNITED STATES DISTRICT JUDGE

---

held that a letter from a defendant's counsel to plaintiff's counsel and a telephone conversation between them, in both of which the defendant's lawyer indicated an intention to defend the suit, sufficed as an appearance under Rule 55(b)(2));  H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe, 432 F.2d 689 (D.C.Cir.1970) (holding that  two letters between counsel plus a telephone call amounted to an appearance within the meaning of Rule 55(b)(2));  Dalminter, Inc. v. Jessie Edwards, Inc., 27 F.R.D. 491, 493 (S.D.Tex.1961) (holding that the defendant's letter to the plaintiff's counsel in response to the summons constituted an appearance within the meaning of Rule 55(b) and therefore entitled the defendant to notice by the plaintiff of its application for default judgment in accordance with Rule 55(b)).

[2]  The letter was addressed to Chief Magistrate Judge William Deaton, to whom this case was initially assigned.